E-filing

SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, CA 94612
    Telephone: (510) 637-3680
    Telefax:   (510) 637-3724
    Deborah.R.Douglas@usdoj.gov

Attorneys for the United States

FILED
2007 SEP -4  AM 9:06
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. |
| Plaintiff, | **07-70514 WDB** |
| v. | NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| FUAMETE FUIAVA, | |
| Defendant. | |

    Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that, on or about August 31, 2007, the above-named defendant was arrested based upon an arrest warrant (copy attached) issued under CR 98-00398HG-01 in the District of Hawaii, upon an

☐ Indictment
☐ Information
☐ Criminal Complaint
■ Other (describe) <u>Supervised Release Violation Petition</u>

1 | In that case, defendant is charged with a violation of Title 18, United States Code, Section 3583, based upon his violation of the conditions of his supervised release as follows: (1) defendant's urine specimens of 11/9/2000 and 3/19/2001 tested positive for methamphetamine; (2) defendant admitted that he consumed alcohol to excess on 11/7/2000; (3) defendant failed to submit to drug testing on 6/13/2001; (4) defendant failed to notify the Probation Officer within 72 hours of his arrest on 5/7/2001 for Burglary in the First Degree and Sexual Assault in the Fourth Degree; and (5) defendant failed to notify the Probation Officer at least 10 days prior to any change in residence.

Respectfully Submitted,

SCOTT N. SCHOOLS
UNITED STATES ATTORNEY

Date: August 31, 2007

DEBORAH R. DOUGLAS
Assistant U.S. Attorney

AO 442 (Rev. 10/03) Warrant for Arrest       ORIGINAL

# UNITED STATES DISTRICT COURT
## District of Hawaii

| UNITED STATES OF AMERICA | WARRANT FOR ARREST |
|---|---|
| V. | Case Number: CR 98-00398HG-01 |

FUAMETE FUIAVA
1110 KAILI STREET
HONOLULU, HI 96819
(Name and Address of Defendant)

To: The United States Marshal and any Authorized United States Officer

YOU ARE HEREBY COMMANDED TO ARREST FUAMETE FUIAVA and bring him or her forthwith to the nearest district/ magistrate judge to answer a Probation/Supervised Release Violation Petition, charging him or her with (brief description of offense)

ORDER TO SHOW CAUSE WHY SUPERVISION SHOULD NOT BE REVOKED.

in violation of Title United States Code, Section(s).

| Walter A.Y.H. Chinn | Clerk U.S. District Court |
|---|---|
| Name and Title of Issuing Officer | Title of Issuing Officer |
| _[signature]_ | DECEMBER 16, 2004 at Honolulu, Hawaii |
| Signature of Issuing Officer/Deputy Clerk | Date and Location |

Bail Fixed at NO BAIL      By: Helen Gillmor, United States District Judge

---

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at _____

| Date Received | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| Date of Arrest | | |

Prob 12C
(Rev. 3/95 D/HI)

RECEIVED
2004 DEC 21 AM 8:01
U.S. [illegible]

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 1 5 2004

at ___ o'clock and ___ min. __ M.
WALTER A.Y.H. CHINN, CLERK

United States District Court
for the
DISTRICT OF HAWAII

U.S.A. vs. FUAMETE FUIAVA                    Docket No. CR 98-00398HG-01

REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of FUAMETE FUIAVA who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 16th day of February 1999, who fixed the period of supervision at 6 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the judgment.

4. That the defendant provide the Probation Office access to any requested financial information.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. The subject's urine specimens of 11/9/2000 and 3/19/2001 tested positive for methamphetamine, in violation of the General Condition.

2. The subject admitted that he consumed alcohol to excess on 11/7/2000, in violation of Standard Condition No. 7.

3. The subject failed to submit to drug testing on 6/13/2001, in violation of Special Condition No. 1.

ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii

By _____
          Deputy

2

Prob 12C
(Rev. 3/85 D/HI)

4. The subject failed to notify the Probation Officer within 72 hours of his arrest on 5/7/2001 for Burglary in the First Degree and Sexual Assault in the Fourth Degree, in violation of Standard Condition No. 11.

5. The subject failed to notify the Probation Officer at least 10 days prior to any change in residence, in violation of Standard Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] No Action

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/13/04

_Frank M. Condello II_
FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

_Timothy M. Jenkins_
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

---

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 13th day of December, 2004, and ordered filed and made a part of the records in the above case.

_Helen Gillmor_
HELEN GILLMOR
U.S. District Judge

Re:  FUIAVA, Fuamete
Criminal No. CR 98-00398HG-01
REVOCATION OF SUPERVISED RELEASE

## STATEMENT OF FACTS

The subject pled guilty to three counts of Possession With Intent to Distribute Cocaine Base Within 1,000 Feet From a Public Elementary School and Public Housing Facility. He was sentenced on 2/16/99 to a 30-month imprisonment term with 6 years supervised release to follow. His term of supervised release began on 10/2/2000.

**VIOLATION NOS. 1 AND 2:** As reported to Your Honor on 12/4/2000, the subject's urine specimen submitted at the Drug Addiction Services of Hawaii, Inc. (DASH), on 11/9/2000 tested positive for methamphetamine. The subject admitted using methamphetamine on 11/7/2000. He also admitted consuming a six-pack of beer prior to the drug use. Because the subject was participating in group counseling and drug testing at DASH, we recommended that no action be taken. Your Honor concurred.

On 4/9/2001, Your Honor was informed that the subject's urine specimen submitted at DASH on 3/19/2001 tested positive for methamphetamine. The subject admitted using methamphetamine on 3/18/2001. As a result of the violation, the subject participated in individual counseling in addition to his participation in group counseling. Your Honor concurred with our recommendation for no Court action.

**VIOLATION NO. 3:** On 6/13/2001, the subject failed to submit a urine specimen to DASH. The subject is required to call a prerecorded message daily to obtain instructions for submitting a urine specimen to DASH the following day. This violation has not been addressed with the subject, because his whereabouts are unknown.

**VIOLATION NO. 4:** On 6/4/2001, we received notification from the Federal Bureau of Investigation that the subject was arrested on 5/7/2001, for Burglary in the First Degree and Sexual Assault in the Fourth Degree. On 6/5/2001, the subject admitted that he was arrested on 5/7/2001 and that he neglected to report his arrest within 72 hours. He denied that he committed any crime and stated that his ex-girlfriend invited him to her residence. He further stated that while engaged in sex, she threw him off of her and called for her mother. The subject stated that he got scared and left the residence. He later returned to the residence and was arrested.

According to Honolulu Police Department (HPD) Report No. 01-1174424, on 5/7/2001, at approximately 2:30 a.m., the subject entered the apartment of his ex-girlfriend, Sina Poyer, and her mother, Tuileisu Poyer, without permission. The police report indicates that he attempted to have sexual intercourse with Sina Poyer, and that she resisted his advances and called to her mother for help. The subject immediately left the residence. However, he returned at approximately 2:43 a.m. and was arrested. According to HPD Detective Dennis Kim, on 5/7/2001, Sina and Tuileisu Poyer withdrew their complaint and declined to pursue criminal charges. As a result, HPD will not refer this case to the Prosecutor's Office for criminal charges. On 6/8/2001, this officer contacted Sina Poyer