**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

Ronald V. Dellums Federal Building          (510) 637-3680
1301 Clay Street, Suite 340S
Oakland, California 94612                   FAX:(510) 637-3724

September 5, 2007

Honorable Wayne D. Brazil
United States Magistrate Judge
1301 Clay Street
Oakland, CA 94612

       Re:  United States v. Fuamete Fuiva
           CR07-70514 WDB

Dear Magistrate Judge Brazil:

  The above-captioned matter is scheduled for a detention hearing on Thursday, September 6, 2007, at 10 a.m. When the government filed the Rule 5 pleading on September 4, 2007, the last page of the "Statement of Facts" section of the supervised release violation petition was not in our possession. Enclosed is a copy of the supervised release violation petition with the complete "Statement of Facts," the Conditions of Supervised Release, and the judgment for the underlying conviction, all filed in the District of Hawaii.

  Defendant has been fleeing for over six years since June 2001. U.S. Probation Officer Frank M. Condello, District of Hawaii, has informed the undersigned Assistant United States Attorney that defendant, while on supervised release, absconded in June 2001. Probation Officer Condello further informed the undersigned Assistant United States Attorney that the original supervised release violation petition was filed in June 2001, but was superseded by the instant supervised release violation petition in accordance with United States v. Vargas-Amaya, 389 F.3d 901 (9th Cir. 2004), which requires probation officers to swear to the contents of supervised release petitions. The docket sheet from the District of Hawaii confirms that the original petition was filed on June 21, 2001 and that the current petition was filed on December 15, 2004 (see attached).

              Very truly yours,

              SCOTT N. SCHOOLS
              United States Attorney

              */s/ Deborah R. Douglas*
              DEBORAH R. DOUGLAS
              Assistant United States Attorney

cc: Jerome Matthews, Esq.

Prob 12C
(Rev. 3/85 D/HI)

**RECEIVED**
United States District Court

'04 DEC 15 P4:32  for the

U.S. PROBATION **DISTRICT OF HAWAII**
HONOLULU, HAW...

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 1 5 2004

at 4 o'clock and __ min. P M.
WALTER A.Y.H. CHINN, CLERK

U.S.A. vs. FUAMETE FUIAVA                            Docket No. CR 98-00398HG-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of FUAMETE FUIAVA who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 16th day of February 1999, who fixed the period of supervision at 6 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the judgment.

4. That the defendant provide the Probation Office access to any requested financial information.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. The subject's urine specimens of 11/9/2000 and 3/19/2001 tested positive for methamphetamine, in violation of the General Condition.

2. The subject admitted that he consumed alcohol to excess on 11/7/2000, in violation of Standard Condition No. 7.

3. The subject failed to submit to drug testing on 6/13/2001, in violation of Special Condition No. 1.

Prob 12C
(Rev. 3/95 D/HI)

2

4. The subject failed to notify the Probation Officer within 72 hours of his arrest on 5/7/2001 for Burglary in the First Degree and Sexual Assault in the Fourth Degree, in violation of Standard Condition No. 11.

5. The subject failed to notify the Probation Officer at least 10 days prior to any change in residence, in violation of Standard Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] The issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] No Action

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/13/04

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

---

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 13th day of December, 2004, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
U.S. District Judge

Re: FUIAVA, Fuamete
Criminal No. CR 98-00398HG-01
REVOCATION OF SUPERVISED RELEASE

## STATEMENT OF FACTS

The subject pled guilty to three counts of Possession With Intent to Distribute Cocaine Base Within 1,000 Feet From a Public Elementary School and Public Housing Facility. He was sentenced on 2/16/99 to a 30-month imprisonment term with 6 years supervised release to follow. His term of supervised release began on 10/2/2000.

**VIOLATION NOS. 1 AND 2**: As reported to Your Honor on 12/4/2000, the subject's urine specimen submitted at the Drug Addiction Services of Hawaii, Inc. (DASH), on 11/9/2000 tested positive for methamphetamine. The subject admitted using methamphetamine on 11/7/2000. He also admitted consuming a six-pack of beer prior to the drug use. Because the subject was participating in group counseling and drug testing at DASH, we recommended that no action be taken. Your Honor concurred.

On 4/9/2001, Your Honor was informed that the subject's urine specimen submitted at DASH on 3/19/2001 tested positive for methamphetamine. The subject admitted using methamphetamine on 3/18/2001. As a result of the violation, the subject participated in individual counseling in addition to his participation in group counseling. Your Honor concurred with our recommendation for no Court action.

**VIOLATION NO. 3**: On 6/13/2001, the subject failed to submit a urine specimen to DASH. The subject is required to call a prerecorded message daily to obtain instructions for submitting a urine specimen to DASH the following day. This violation has not been addressed with the subject, because his whereabouts are unknown.

**VIOLATION NO. 4**: On 6/4/2001, we received notification from the Federal Bureau of Investigation that the subject was arrested on 5/7/2001, for Burglary in the First Degree and Sexual Assault in the Fourth Degree. On 6/5/2001, the subject admitted that he was arrested on 5/7/2001 and that he neglected to report his arrest within 72 hours. He denied that he committed any crime and stated that his ex-girlfriend invited him to her residence. He further stated that while engaged in sex, she threw him off of her and called for her mother. The subject stated that he got scared and left the residence. He later returned to the residence and was arrested.

According to Honolulu Police Department (HPD) Report No. 01-1174424, on 5/7/2001, at approximately 2:30 a.m., the subject entered the apartment of his ex-girlfriend, Sina Poyer, and her mother, Tuileisu Poyer, without permission. The police report indicates that he attempted to have sexual intercourse with Sina Poyer, and that she resisted his advances and called to her mother for help. The subject immediately left the residence. However, he returned at approximately 2:43 a.m. and was arrested. According to HPD Detective Dennis Kim, on 5/7/2001, Sina and Tuileisu Poyer withdrew their complaint and declined to pursue criminal charges. As a result, HPD will not refer this case to the Prosecutor's Office for criminal charges. On 6/8/2001, this officer contacted Sina Poyer

Re: **FUIAVA, Fuamete**
Criminal No. CR 98-00398HG-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 2

who confirmed that she withdrew the complaint and that she declined to pursue the matter. When questioned about the incident, she stated that she was angry with the subject due to the recent termination of their relationship. She stated that the incident on 5/7/2001 got out-of-control and that she is unwilling to testify about the incident.

**VIOLATION NO. 5**: On 6/15/2001, this officer attempted to contact the subject by telephone at his residence. According to his sister, Lucia Fuiava, on 6/9/2001, the subject removed his personal belongings from the residence. She stated that the subject has not returned since this date and has not made contact with any of his family members. On the same date, this officer contacted the subject's last known employer, Royal Guard Security. They confirmed that the subject last worked on 6/7/2001, and failed to report to work on 6/8/2001. He has since been terminated. At no time, did the subject request or receive permission to change his residence or employment. His whereabouts are unknown.

This petition serves as the third report of noncompliance. Despite numerous treatment opportunities and implementation of sanctions, the subject continues to violate the supervision conditions. Due to the subject's past methamphetamine use and his prior convictions for assault, coupled with his unknown whereabouts, he may pose a danger to the community. It is respectfully recommended that the Court issue a No Bail warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

*[signature]*

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

*[signature]*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

FMC/pts

PROB 7A
(Rev. 6/95; D/HI 1/96)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

Name:     FUAMETE FUIAVA                           Docket No. 98-00398HG-01
Address:  1110 Kaili Street                        Date of Sentence:  2/16/99
          Honolulu, HI  96819

    Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 6 YEARS commencing 10/2/2000.

    While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

    If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

    The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]    The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    **For offenses committed on or after September 13, 1994:**

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

    (1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

    (2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

    (3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

The special conditions ordered by the Court are as follows:

(1) The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.
(2) The defendant is prohibited from possessing any illegal or dangerous weapons.
(3) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.
(4) The defendant shall provide the Probation Office access to any requested financial information.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

(Signed) X _____        X 10/4/00
         FUAMETE FUIAVA, Defendant              Date

         _____           10/4/00
         FRANK M. CONDELLO, II                 Date
         U.S. Probation Officer

ORIGINAL

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 16 1999

at 2 o'clock and 10 min. P.M.
WALTER A. Y. H. CHINN, CLERK

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA
v.
**FUAMETE FUIAVA**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: 1:98CR00398-001

Lane Takahashi, Esq.
Defendant's Attorney

## THE DEFENDANT:

[✓] pleaded guilty to count(s): 1, 2 & 3 of the Indictment.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 841(a)(1) and 860(a) | Possess with intent to distribute cocaine base within 1,000 feet from a public elementary school and public housing facility | 5/28/98 | 1 |
| 21 U.S.C. 841(a)(1) and 860(a) | Possess with intent to distribute cocaine base within 1,000 feet from a public elementary school and public housing facility | 5/28/98 | 2 |

See next page.

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ] Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 3/1/65

Defendant's USM No.: 86848-022

Defendant's Residence Address:
1110 Kaili Street
Honolulu, HI 96819

Defendant's Mailing Address:
1110 Kaili Street
Honolulu, HI 96819

ATTEST: A True Copy
WALTER A.Y.H. QUINN
Clerk, United States District Court, District of Hawaii
By _____ Deputy

February 16, 1999
Date of Imposition of Judgment

Signature of Judicial Officer

HELEN GILLMOR, United States District Judge
Name & Title of Judicial Officer

2-17-99
Date

AO 245B (Rev. 8/96) Sheet 1 - Judgment in ... .Iminal Case

CASE NUMBER: 1:98CR00398-001
DEFENDANT: FUAMETE FUIAVA

Judgment - Page 2 of 8

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 841(a)(1) and 860(a) | Possess with intent to distribute cocaine base within 1,000 feet from a public elementary school and public housing facility | 6/4/98 | 3 |

AO 245B (Rev. 8/96) Sheet 1 - Judgment in ... .Iminal Case

Judgment - Page 2 of 8

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

CASE NUMBER: 1:98CR00398-001  
DEFENDANT: FUAMETE FUIAVA

Judgment - Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 30 months.

This term consists of terms of THIRTY (30) months Imprisonment as to each of Counts 1, 2 and 3 of the Indictment, to run concurrently with each other.

[✓] The court makes the following recommendations to the Bureau of Prisons:
1. Lompoc, CA
2. That the defendant participate in the longest drug treatment program available, be enrolled in educational programs and be given vocational training.

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the Institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

CASE NUMBER: 1:98CR00398-001                                             Judgment - Page 4 of 8
DEFENDANT: FUAMETE FUIAVA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 6 years.

This term consists of terms of SIX (06) years Supervised Release as to each of Counts 1, 2 and 3 of the Indictment to run concurrently with each other.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✓]     The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance witht the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defenadant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

CASE NUMBER: 1:98CR00398-001  
DEFENDANT: FUAMETE FUIAVA

Judgment - Page 5 of 8

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the judgment.

4. That the defendant provide the Probation Office access to any requested financial information.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

| CASE NUMBER: | 1:98CR00398-001 | Judgment - Page 6 of 8 |
|---|---|---|
| DEFENDANT: | FUAMETE FUIAVA | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 300.00 | $ | $ |

[ ] If applicable, restitution amount ordered pursuant to plea agreement .......... $____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ] The interest requirement is waived.

   [ ] The interest requirement is modified as follows:

# RESTITUTION

[ ] The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ] The court modifies or waives interest on restitution as follows:

[ ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
|  | TOTALS: | $ ___ | $ ___ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:      1:98CR00398-001                                                    Judgment - Page 7 of 8
DEFENDANT:        FUAMETE FUIAVA

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   [✓]  in full immediately; or

B   [ ]  $ _ immediately, balance due (in accordance with C, D, or E); or

C   [ ]  not later than _ ; or

D   [ ]  in installments to commence _ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   [ ]  in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.


Special instructions regarding the payment of criminal monetary penalties:



[ ]   The defendant shall pay the cost of prosecution.


[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:



Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.

AO 245S (Rev. 3/95) Sheet 6 - Statement of ...ison

| CASE NUMBER: | 1:98CR00398-001 | Judgment - Page 8 of 8 |
| DEFENDANT: | FUAMETE FUIAVA | |

# STATEMENT OF REASONS

[✓] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 13

Criminal History Category: IV

Imprisonment Range: 24 to 30 months

Supervised Release Range: __ to 6 years

Fine Range: $ 3,000.00 to $ 2,000,000.00

[✓] Fine is waived or is below the guideline range, because of inability to pay.

Total Amount of Restitution: $ Not to exceed fine imposed.

[ ] Full restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

[ ] For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered for the following reason(s).

[✓] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons(s):

**OR**

[ ] The sentence departs from the guideline range:

[ ] upon motion of the government, as a result of defendant's substantial assistance.

[ ] for the following specific reason(s):

**LexisNexis· CourtLink·**

Welcome Luz Reveles!

Order Documents | Available Courts | Total Litigator | Lexis.com | Sign Ou

| My CourtLink | Search | Dockets & Documents | Track | Alert | Strategic Profiles | My Account |

Dockets & Documents - Online Arrived > Case View

Item 1 c

### Docket Tools

| Get Updated Docket | Track Docket Activity | Search for Similar | Set Alert for Similar Dockets |

This docket was retrieved from the court on 9/5/2007

CourtLink can alert you when there is new activity in this case

Start a new search based on the characteristics of this case

CourtLink alerts you when there are new cases that match characteristics of this case

[Email th
[Printer F

### Docket

---

# US District Court Criminal Docket

## U.S. District - Hawaii
## (3/07) (Hawaii)

## 1:98cr398

## USA v. Fuiava

This case was retrieved from the court on Wednesday, September 05, 2007   Update Now

---

Date Filed: 07/01/1998    Class Code: CLOSED, TERMED
Other Docket: None         Closed: yes

### Defendants

**Name**

Fuamete Fuiava(1)
[Term: 02/16/1999]

**Attorneys**

Lane Y. Takahashi
[COR LD NTC]
[Term: 02/16/1999]
745 Fort St Ste 2121
Honolulu, HI 96813
USA
521-7181

### Charges

**Complaints:** none

**Pending:** 21:841A=CD.F CONTROLLED SUBSTANCE-SELL,

### Disposition

ADJUDGED: 30 months Imprisonment as to ‹

DISTRIBUTE, OR DISPENSE: 21 USC 841(a)(1) and 860(a): POSSESS WITH INTENT TO DISTRIBUTE AND DISTRIBUTE COCAINE BASE, A SCHEDULE II CONTROLLED SUBSTANCE, CTS 1-3 (1-3)
**Offense Level (Opening): 4**

run concurrently, and 6 years Supervised Rel each count, to run concurrently, upon the fol special conditions: 1. That the deft not comm federal, state, or local; 2. That the deft not p illegal controlled substances; 3. That the def from any unlawful use of a controlled substar shall submit to one drugt test within 15 days from imprisonment and at least two drug tes ereafter, as directed by the Probation Office condition); 4. That the deft participate in a st abuse program, which may include drug testi discretion and direction of the Probation Offic the deft is prohibited from possessing a firea defined in 18 U.S.C. 921; 6. That the deft is from possessing any illegal or dangerous wea Without the prior approval of the Probation C defedandt shall not enter the"Operation Wee d"target area which is bordered by Lunalilo F Nuuanu Avenue, Bethel Street, Nimitz Highw King Street, Dillingham Boulevard, and Koke depicted in the map to be attached to the juc That the defendant provide the Probation Of any requested financial information; SA: $30 RECOMMENDATION: Lompoc, CA; that the de in the longest drug treatment progrma aviala enrolled in educational programs and be give t raining

**Terminated:** none

**Case Assigned to:** JUDGE HELEN GILLMOR

## U. S. Attorneys

Chris A. Thomas
[COR LD NTC]
Office of the United States Attorney
Prince Kuhio Federal Building 300 Ala Moana Blvd Ste 6100
Honolulu, HI 96850
USA
541-2850

Edward H. Kubo, Jr.
[COR LD NTC]
Office of the United States Attorney
Prince Kuhio Federal Building 300 Ala Moana Blvd Ste 6100
Honolulu, HI 96850
USA
541-2850

**Documents**

[Retrieve Document(s)]  [Send to TimeMap]

| | Availability | Date | No. | Proceeding Text |
|---|---|---|---|---|
| ☐ | Runner | 08/31/2007 | -- | Arrest of Fuamete Fuiava (bbb,) (Entered: 09/04/2007) |
| ☐ | Online | 08/31/2007 | 33 | NO BAIL Warrant Returned Executed on 08/31/2007 in case as to Fuamete Fuiava. (I 09/04/2007) |
| | Runner | 12/16/2004 | 30 | ARREST Warrant Issued for Fuamete Fuiava bail set for NO BAIL by Judge Helen Gillm (Entered: 12/16/2004) |

| | | | |
|---|---|---|---|
| Runner | 12/15/2004 | 29 | PETITION for Revocation of Supervised Release/Probation; warrant ordered, for Fuan Judge Helen Gillmor (sm) (Entered: 12/16/2004) |
| Runner | 06/21/2001 | 28 | ARREST Warrant Issued for Fuamete Fuiava bail set for NO BAIL by Judge Helen Gllln (Entered: 07/19/2001) |
| Runner | 06/21/2001 | 27 | Reqeust for Course of Action (Statement of Alleged Violations of Supervised Release) ordered, for Fuamete Fuiava by Judge Helen (gs) (Entered: 06/24/2001) |
| Runner | 04/09/1999 | 26 | JUDGMENT and Commitment returned executed on 3/31/99 as to, Fuamete Fuiava (1 FCI Lompoc (gab) (Entered: 04/12/1999) |
| Runner | 03/04/1999 | 25 | CJA Form 20 (Attorney Payment Voucher# 1030615) by Attorney Lane Takahashi as Fuiava in the amount of $1,254.50 by Judge Gillmor (gs) (Entered: 03/05/1999) |
| Runner | 02/26/1999 | 24 | FINDINGS and RECOMMENDATIONS on CJA Compensation Claim; $1,254.50 recomm Lane Takahashi by Mag Judge Barry M. Kurren (gs) (Entered: 03/01/1999) |
| Runner | 02/22/1999 | 23 | SENTENCING RECOMMENDATION as to Fuamete Fuiava (original sealed and held in p (gab) (Entered: 02/22/1999) |
| Runner | 02/22/1999 | 22 | PRESENTENCE Report on Fuamete Fuiava (original sealed and held in probation office (Entered: 02/22/1999) |
| Runner | 02/18/1999 | 21 | JUDGMENT in a Criminal Case as to Fuamete Fuiava by Judge Helen Gillmor (cc: USA USMS, USPO, PTS, OF) (gs) (Entered: 02/19/1999) |
| Runner | 02/16/1999 | 20 | EP: MINUTES: Sentencing to Counts 1, 2 & 3 of the Indictment-Allocution by the deft months Imprisonment as to each count, to run concurrently, and 6 years Supervised each count, to run concurrently, upon the following special conditions: 1. That the de any crimes federal, state, or local; 2. That the deft not possess illegal controlled subs the deft shall refrain from any unlawful use of a controlled substance. The deft shall s drug test within 15 days of release from imprisonment and at least two drug tests th directed by the Probation Office (mandatory condition); 4. That the deft participate Ir abuse program, which may include drug testing at the discretion and direction of the 5. That the deft is prohibited from possessing a firearm as defined in 18 U.S.C. 921; is prohibited from possessing any illegal or dangerous weapons; 7. Without the prior Probation Office, the defendant shall not enter the "Operation Weed and Seed" target bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to th That the defendant provide the Probation Office access to any requested financial inf $300.00; Advised of rights to appeal the sentences, etc.; RECOMMENDATION: Lompc deft participate in the longest drug treatment program avialable, be enrolled in educa and be given vocational training, case terminated; Fuamete Fuiava, USA Attorney Ch Lane Y. Takahashi present (Ct Rptr: Debra Chun) by Judge Gillmor (gs) (Entered: 02 |
| Runner | 11/19/1998 | 19 | Supplemental Sentencing Statement; and certificate of Service as to Fuamete Fuiava (Entered: 11/20/1998) |
| Runner | 11/10/1998 | 18 | SENTENCING Statement; and Certificate of Service as to Fuamete Fuiava (gs) (Enter |
| Runner | 11/06/1998 | 17 | Government's SENTENCING Statement; Certificate of Service as to Fuamete Fuiava [ (Entered: 11/06/1998) |
| Runner | 09/21/1998 | 16 | EP: MINUTES: MOTION FOR WITHDRAWAL OF NOT GUILTY PLEA AND TO PLEAD ANE sworn. Questioned. Advised of rights to trial by jury, etc. Advised of the provisions of Guidelines. Count 1, 2, and 3 of the Indictment were publicly read by the Court. Advi maximum and minimum penalties provided by law. Mr. Thomas summarized the gov evidence against the defendant. The defendant admitted his involvement in this case entered to Counts 1, 2, and 3 of the Indictment. Referred for presentence investigati and SENTENCING is set for February 16, 1999 at 2:15 p.m. for Fuamete Fuiava; Fua AUSA Attorney Chris A. Thomas, Attorney Lane Y. Takahashi, USPO Peter D. Yoshiha Rptr: Terrence Chun) by Judge Helen Gillmor (afc) (Entered: 09/22/1998) |
| Runner | 09/11/1998 | 15 | EO: MINUTES Final Pretrial Conference set for 9/11/98 not held; Per Lane Takahashi, his plea by Mag Judge Kurren (gs) (Entered: 09/16/1998) |
| Runner | 09/11/1998 | 14 | NOTICE of hearing setting hearing on Motion for Withdrawal of Not Guilty Plea and to 3:00 9/21/98 for Fuamete Fuiava before Judge Gillmor; cc: Chris Thomas, Michael W USMS, PTS, Judge Gillmor's chambers (gs) (Entered: 09/14/1998) |
| Runner | 09/09/1998 | 13 | EO: MINUTES Final pretrial conference cont from 9/9/98 to 9/11/98 @ 3:30, BMK for by Mag Judge Kurren (gs) (Entered: 09/10/1998) |
| Runner | 09/03/1998 | 12 | EO: MINUTES Final pretrial conference cont from 9/4/98 to 9/9/98 @ 10:30, BMK; N Kubo, Lane Takahashi for Fuamete Fuiava by Mag Judge Kurren (gs) (Entered: 09/0 |
| Runner | 08/31/1998 | 11 | EO: MINUTES Final pretrial conference cont from 8/31/98 to 9/4/98 @ 1:00 p.m., BN Fuiava by Mag Judge Kurren (gs) (Entered: 09/02/1998) |

| | Runner | 08/17/1998 | 10 | ORDER granting the Government's Motion to Detain defendant Fuamete Fuiava witho Judge Barry M. Kurren [3-1] (afc) (Entered: 08/18/1998) |
|---|---|---|---|---|
| | Runner | 08/05/1998 | 9 | EP: MINUTES: Detention Hearing-Court finds deft a danger to the community and a f M/Detain-GRANTED; Deft remanded to the custody of U.S. Marshals; Fuamete Fuiava Chris A. Thomas, Lane Y. Takahashi present (Ct Rptr: ESR) by Mag Judge Yamashita 08/07/1998) |
| | Runner | 08/05/1998 | 8 | Supplemental DECLARATION of Hector Inciong of Motion to Detain Defendant withou of Service by plaintiff USA re [3-1] (gs) (Entered: 08/05/1998) |
| | Runner | 08/05/1998 | -- | ARREST of defendant Fuamete Fuiava on 7/31/98 (gs) (Entered: 08/05/1998) |
| | Runner | 08/05/1998 | 7 | ARREST Warrant returned executed as to Fuamete Fuiava on 7/31/98 (gs) (Entered: |
| | Runner | 07/31/1998 | 6 | FINANCIAL Affidavit as to Fuamete Fuiava (gs) (Entered: 08/04/1998) |
| | Runner | 07/31/1998 | 5 | EP: MINUTES: A & P-deft present; Deft sworn to Financail Affidavit; Oral M/Court App Arrn Waived; Plea of NOT GUILTY entered; Dates Given: JS/JT 9/29/98 @ 9:00, HG; 8/31/98 @ 10:30, BMK; Motions due 8/21/98; Response due 9/4/98; Detention Hear 3:00, FIY; Deft remanded to custody of U.S. Marshal; Fuamete Fuiava, USA Attorney Thomas, Lane Y. Takahashi present (Ct Rptr: ESR/tape) by Mag Judge Kurren (gs) (E 08/04/1998) |
| | Runner | 07/31/1998 | 4 | CJA Form 20 Copy 4 (Appointment of Counsel) Voucher # 1030615 as to defendant F appointing Attorney Lane Y. Takahashi by Mag Judge Barry M. Kurren (sealed) (Enter |
| | Runner | 07/31/1998 | 3 | MOTION to detain defendant without Bail by USA as to Fuamete Fuiava; Motion heari July 31, 1998 (BMK) (sealed) (Entered: 08/03/1998) |
| | Runner | 07/01/1998 | 2 | ARREST Warrant issued for Fuamete Fuiava bail set at NO BAIL by Mag Judge Barry I (Entered: 07/01/1998) |
| | Runner | 07/01/1998 | 1 | EP: INDICTMENT by USA Counts filed against Fuamete Fuiava (1) count(s) 1-3; Warr (Mary Anne Young) by Mag Judge Barry M. Kurren (afc) Additional attachment(s) add (gab,). (Entered: 07/01/1998) |

Ite

**Retrieve Document(s)**   **Send to TimeMap**

**Need a better solution for receiving and sending service in your cases? Get more control over managin; of your cases and reduce associated overhead with LexisNexis File & Serve E-Service. Getting started 1.800.869.1910 or click here.**



LexisNexis | About LexisNexis | Terms & Conditions | Pricing | Privacy | Customer Support - 1-888-311-19
Copyright © 2007 LexisNexis®. All rights reserved.